**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAMILIES AND SCHOOLS TOGETHER FEDERAL CREDIT UNION,<br><br>Plaintiff,<br><br>vs.<br><br>AUTO MAXX, INC., EISSA ABOUMAALI, JOE QUINTANA, ABEL MORALES, and SAM SALIDA,<br><br>Defendants.<br>_____ / | CASE NO. CV F 07-0659 LJO SMS<br><br>**SCHEDULING CONFERENCE ORDER AND ORDER TO APPEAR AT MANDATORY STATUS CONFERENCE**<br><br>Pretrial Motion<br>Hearing Deadline:    March 5, 2009<br><br>Mandatory Appearance (See paragraph 1)<br>     Date: Dec. 10, 2008<br>     Time: 10:00 a.m.<br>     Court: 7 (SMS)<br><br>Settlement Conf.:    Date: Dec. 10, 2008<br>                     Time: 10:00 a.m.<br>                     Court.: 7 (SMS)<br><br>Pretrial Conf.:      Date: April 14, 2009<br>                     Time: 8:15 a.m.<br>                     Court.: 4 (LJO)<br><br>Jury Trial:          Date: June 1, 2009<br>(14 days est.)       Time: 8:30 a.m.<br>Court.: 4 (LJO) |

This Court conducted a November 20, 2008 status conference. Plaintiff Families and Schools Together Federal Credit Union ("FAST") appeared by counsel Richard Belardinelli and Russell Reynolds. Defendant Auto Maxx, Inc. appeared by counsel Ryan Lee Eddings. Defendant Eissa Aboumaali appeared by counsel Darryl Horowitt. Defendants Joe Quintana, Abel Morales aka Abel Miereles, and Sam Salida, and their counsel Michael W. Braa, Sr., failed to appear. Pursuant to the discussion and order made on the record, incorporated herein, this Court sets a schedule for this action.

**1.    ORDER TO APPEAR AT MANDATORY STATUS CONFERENCE**

Michael. W. Braa, Sr., California Bar # 189472 ("Mr. Braa"), is ORDERED TO APPEAR for a mandatory status conference on December 10, 2008 at 10:00 a.m. in Courtroom 7 (SMS). In addition, Mr. Braa's clients, Joe Quintana, Abel Morales, aka Abel Miereles, and Sam Salida, are ORDERED TO APPEAR personally at the mandatory status conference on December 10, 2008 at 10:00 a.m. in Courtroom 7 (SMS). Each party is required to appear in person. Each party shall be prepared to discuss the current status and position in this action. **Failure to appear at the December 10, 2008 mandatory status conference will result in the imposition of sanctions**. As a sanction, the Court will strike each answer and enter default judgment against each absent defendant and in favor of FAST.

**2.    Mandatory Settlement Conference**

This Court sets a mandatory settlement conference for **December 10, 2008 at 10:00 a.m.** in Courtroom 7 (SMS) before United States Magistrate Sandra M. Snyder. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference. **Mr. Braa and his clients, Joe Quintana, Abel Morales, aka Abel Miereles, and Sam Salida, must appear personally at the December 10, 2008 mandatory settlement conference.** Personal appearance by all parties is mandatory absent a full and final dismissal with prejudice filed by FAST and approved by this Court prior to the December 10, 2008 settlement conference.

**No later than five court days before the conference,** each party shall submit directly to the settlement conference judge's chambers a confidential settlement conference statement. This statement should neither be filed with the clerk of the Court nor served on any other party. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A.    A brief statement of the facts of the case;

B.    A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the

claims and defenses, and a description of the major issues in dispute;

    C.    A summary of the proceedings to date;

    D.    An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

    E.    The relief sought; and

    F.    The party's position on settlement, **including what the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

The Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**3.**    **Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive (except discovery motions addressed above), including the pending summary judgment motions, shall be heard no later than **March 5, 2009.**

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**4.**    **Pending Summary Judgment Motions**

The briefing schedule of the pending summary judgment motions shall be in accordance with this Court's local rules. The parties stipulate to file no further summary judgment motions.

**5.**    **Pretrial Conference**

A pretrial conference is set for **April 14, 2009 at 8:15 a.m.** in Courtroom (LJO). The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness and exhibits lists, objections thereto, and other trial documents.

**6. Trial Date**

A 43 day jury trial is set for **June 1, 2009 at 8: 30 a.m. in Courtroom 4 (LJO)**.

**7. Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

**Dated:   November 20, 2008**                              /s/ Lawrence J. O'Neill
                                                                     **UNITED STATES DISTRICT JUDGE**