# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAMILIES AND SCHOOLS TOGETHER FEDERAL CREDIT UNION,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>AUTO MAXX, INC., EISSA ABOUMAALI, JOE QUINTANA, SAM SALIDA, ABLE MORALES,<br>　　　　　　Defendants.<br>_____ / | CASE NO. CV F 07-0659 LJO SMS<br>**ORDER**<br><br>**REQUEST TO BE RELIEVED FROM APPEARANCE DENIED** |

This Court conducted a November 20, 2008 status conference to determine the status of the parties' settlement agreement. Plaintiff Families and Schools Together Federal Credit Union ("FAST") appeared by counsel Richard Belardinelli and Russell Reynolds. Defendant Auto Maxx, Inc. appeared by counsel Ryan Lee Eddings. Defendant Eissa Aboumaali appeared by counsel Darryl Horowitt. Defendants Joe Quintana, Abel Morales aka Abel Miereles, and Sam Salida, and their counsel Michael W. Braa, Sr. ("Mr. Braa") failed to appear.

Following the status conference, this Court ordered Mr. Braa to appear at a mandatory status conference on December 10, 2008 at 10:00 a.m. in Courtroom 7 (SMS). Scheduling Conference Order and Order to Appear at Mandatory Scheduling Conference ("Order to Appear"), 2. In addition, this Court ordered Mr. Braa's clients, Joe Quintana, Abel Morales, aka Abel Miereles, and Sam Salida, to

appear personally at the mandatory status conference on December 10, 2008 at 10:00 a.m. in Courtroom 7 (SMS). In its Order to Appear, the Court explained that:

> [e]ach party is required to appear in person. Each party shall be prepared to discuss the current status and position in this action. **Failure to appear at the December 10, 2008 mandatory status conference will result in the imposition of sanctions**. As a sanction, the Court will consider to strike each answer and enter default judgment against each absent defendant and in favor of FAST.

*Id*. at 2 (emphasis in original).

Additionally, this Court set a mandatory settlement conference for December 10, 2008 at 10:00 a.m. in Courtroom 7 (SMS) before United States Magistrate Sandra M. Snyder and ordered as follows:

> **Mr. Braa and his clients, Joe Quintana, Abel Morales, aka Abel Miereles, and Sam Salida, must appear personally at the December 10, 2008 mandatory settlement conference.** Personal appearance by all parties is mandatory absent a full and final dismissal with prejudice filed by FAST and approved by this Court prior to the December 10, 2008 settlement conference.

Order to Appear, 2 (emphasis in original).

On December 1, 2008, Mr. Braa filed a "Declaration of Michael W. Braa in Lieu of Settlement Conference Statement." In his declaration, Mr. Braa submits that: (1) he has a conflict of interest in this matter; (2) the State Bar of California ("State Bar") has initiated steps to take over his practice; (3) he did not attend this Court's status conference because he has "personal medical issues;" and (4) he has contacted two of his three clients "to inform them of the conflict and [his] belief that [he] is currently medically unable to practice."

This Court finds Mr. Braa's apparent request to be relieved of the mandatory December 10, 2008 appearance inadequate for the following reasons. First, Mr. Braa includes no medical evidence to sustain his belief that he is unable medically to continue his law practice. Second, Mr. Braa's declaration does not confirm that the State Bar has taken over this, or any other, case. Third, Mr. Braa's conclusory statement does not explain adequately the alleged conflict of interest. Fourth, Mr. Braa has not filed a motion to be relieved as counsel, as required by this Court's local rules. Pursuant to Local Rule 83-182(d), "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client an all other parties who have appeared." Finally, Mr. Braa is bound by Local Rule 83-180(e), which reads in pertinent part:

> Every...attorney...shall comply with the Rules of Professional Conduct of the State Bar

of California and decisions of any Court applicable thereto, which are hereby adopted as standards of conduct in the Court.  In the absence of applicable standards therein, the Model Code of Professional Responsibility of the American Bar Association may be considered guidance.  No attorney admitted to practice before this Court shall engage in conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice.

Pursuant to the rules of professional responsibility and this Court's local rule, Mr. Braa has a continued obligation to represent his clients until relieved by this Court. **Accordingly, this Court ORDERS Mr. Braa to appear at the scheduled December 10, 2008 status conference and settlement conference. Failure to appear will result in the sanction of striking Mr. Braa's clients' answers and ordering defaults be taken.**

IT IS SO ORDERED.

**Dated:     December 2, 2008**                          /s/ Lawrence J. O'Neill
                                                      UNITED STATES DISTRICT JUDGE